Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000868
21-JUN-2019
07:50 AM

NO. CAAP-17-0000868

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RUSSELL KAHOOKELE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTI-17-016556)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Russell Kahookele (Kahookele), *pro se*, appeals from the Judgment After Trial De Novo and Notice of Entry of Judgment (Judgment After Trial) entered by the District Court of the Second Circuit (district court)[1] on November 17, 2017. The district court entered judgment in favor of Plaintiff-Appellee State of Hawai'i (State) and against Kahookele on one count of Fraudulent Use of Plates, Tags, or Emblems, in violation of Hawaii Revised Statutes (HRS) § 249-11 (2017),[2] for an infraction that occurred on June 29, 2017.

On appeal, Kahookele asserts that the district court erred in: (1) denying Kahookele's request for a continuance; (2)

---

[1] The Honorable Kelsey T. Kawano presided.

[2] HRS § 249-11 provides, in relevant part:

§249-11 **Fraudulent use of plates, tags, or emblems and other misdemeanors; penalties.** (a) Any person . . . who attaches to and uses on any vehicle plates, tags, or emblems not furnished in accordance with sections 249-1 to 249-13 or 286-53[] . . . shall be fined not more than $500.

improperly considering State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013) as precedent; and (3) treating the deputy sheriff who issued the citations as an expert on Hawaiian sovereignty issues.[3]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kahookele's points of error as follows.

Kahookele first contends that the district court abused its discretion when it denied his request for a continuance. Kahookele requested a continuance with the intention to call witnesses who would testify as to Hawaiian sovereignty in order to validate Kahookele's defense that his vehicle license plates were properly issued under the authority of the Kingdom of Hawai'i.

The State charged Kahookele under HRS § 249-11 for having vehicle plates that were not official State of Hawai'i plates issued in accordance with HRS §§ 249-1 to -13. Kahookele argued that his vehicle plates were issued by the Kingdom of Hawai'i and that he was in compliance with laws allowing him to be a part of a sovereign government. The Hawai'i Supreme Court has held that "'whatever may be said regarding the lawfulness' of its origins, 'the State of Hawai'i is now, a lawful government.' Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws." State v. Kaulia, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013) (internal citation, brackets, and ellipses omitted) (quoting State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004)). Thus, Kahookele's defense is inapplicable to the issue in this case and any testimony regarding Hawaiian sovereignty would have been irrelevant in this case. Accordingly, we conclude that the

---

[3] This contention is a mischaracterization of the proceedings below. At the hearing, the district court rejected Kahookele's argument that the deputy sheriff was not an expert on Hawaiian sovereignty and did not have the authority to issue a citation regarding plates issued by the Kingdom of Hawai'i. On appeal, Kahookele alleges that the district court treated the deputy sheriff as an expert on Hawaiian sovereignty issues. However, the deputy sheriff testified in his capacity as the law enforcement officer who issued the citations to Kahookele. Accordingly, Kahookele's argument on appeal is without merit.

district court did not abuse its discretion when it denied Kahookele's request for a continuance.

Kahookele's second and third points of error also rely, at bottom, on the contention that he cannot be held to have violated state law given the existence of the Kingdom of Hawai'i. As noted *supra* and expressed in <u>Kaulia</u>, "[i]ndividuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws."  128 Hawai'i at 487, 291 P.3d at 385.

For the foregoing reasons, we affirm the Judgment After Trial De Novo and Notice of Entry of Judgment, entered November 17, 2017, in the District Court of the Second Circuit.

DATED:  Honolulu, Hawai'i, June 21, 2019.

On the briefs:

Russell Kahookele,
Pro-Se, Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3